T.C. Summary Opinion 2012-72


UNITED STATES TAX COURT


BENJAMIN BURTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25809-10S.                    Filed July 23, 2012.


<u>Karmika V. Rubin</u>, for petitioner.

<u>William R. Brown, Jr.</u>, for respondent.


SUMMARY OPINION


GOEKE, <u>Judge</u>: This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed. Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for 2009, and all Rule references are to the Tax Court Rules of
(continued...)

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax of $8,252[2] for 2009. Respondent also determined a section 6662(a) accuracy-related penalty of $1,650. After concessions,[3] the issues remaining for decision are:

(1) whether petitioner is entitled to dependency exemption deductions for two children he cared for during 2009. We hold he is not;

(2) whether petitioner is entitled to a $2,000 child tax credit for the two children. We hold he is not;

(3) whether petitioner is entitled to a $4,406 earned income credit. We hold he is not.

(4) whether petitioner is liable for a $1,650 section 6662(a) accuracy-related penalty. We hold he is not.

---

[1](...continued)
Practice and Procedure.

[2]All dollar amounts are rounded to the nearest dollar.

[3]Respondent conceded that petitioner is entitled to a $271 education credit and a $760 American opportunity credit.

## Background

At the time the petition was filed, petitioner resided in Florida.

O.B. and B.J. (collectively, children) were abandoned by their biological mother, who was petitioner's first cousin. At the beginning of 2009, O.B. was 8 years old and B.J. was 11 years old.

Petitioner's mother, Cheryl Watson Jones, owned two residential properties before 2009; she lived in the first, and petitioner lived in the second (petitioner's residence). In lieu of rent, petitioner paid the mortgage on petitioner's residence as well as the utilities.[4]

In order to prevent the children's being placed in foster care, Ms. Jones began to care for the children at her residence (with petitioner's assistance) and was legally appointed their foster parent at some point before 2009. During late 2008 Ms. Jones became ill with cancer and lost her residence because of the expenses related to her medical treatment. Ms. Jones and the children then moved into petitioner's residence. The four of them lived together through all of 2009.

Petitioner cared for the children and provided financial support in a multitude of ways during 2009. On a limited income petitioner: (1) bought clothes for the children; (2) continued to pay the mortgage and utilities for petitioner's residence;

---

[4]The record contains no mention of property taxes.

(3) paid most of the children's food expenses; and (4) watched the children while Ms. Jones was at work (during the periods when she was able to work). Petitioner also provided whatever financial assistance he could to Ms. Jones, who passed away on December 28, 2010.

Petitioner's 2009 Federal income tax return was prepared by Parker Financial Services. On September 1, 2010, respondent issued a notice of deficiency to petitioner for 2009. Petitioner timely filed a petition contesting the deficiency and the penalty.

## Discussion

### I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and taxpayers bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they have met all requirements necessary to be entitled to the claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Petitioner has not argued that section 7491(a) applies in this case, and the record does not support a conclusion that the requirements of section 7491(a) have been met. Petitioner therefore bears the burden of proof.

II.  Dependency Exemption Deductions, Child Tax Credit, and Earned Income
     Credit

The primary issue in this case is whether O.B. and B.J. were qualifying

children of petitioner under section 152(c).  A taxpayer with qualifying children is

entitled to several tax benefits, including a dependency exemption deduction for

each qualifying child, the child tax credit, and the earned income tax credit.[5]  Secs.

151(c), 24(a), (c), 32(c).

Section 152(c)(1) provides:

The term "qualifying child" means, with respect to any taxpayer for
any taxable year, an individual--

    (A) who bears a relationship to the taxpayer
described in paragraph (2),

    (B) who has the same principal place of abode as
the taxpayer for more than one-half of such taxable year,

    (C) who meets the age requirements of paragraph
(3),

    (D) who has not provided over one-half of such
individual's own support for the calendar year in which
the taxable year of the taxpayer begins, and

_____

[5]Respondent disallowed the entire amount of the earned income credit
petitioner claimed.  Petitioner has not argued that he was an eligible individual under
sec. 32(c)(1)(A)(2) during 2009, which might allow him a smaller earned income
credit even if he had no qualifying children during 2009.

(E) who has not filed a joint return (other than only for a claim of refund) with the individual's spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins.

In order to satisfy section 152(c)(1)(A) and be considered a qualifying child, an individual must be "(A) a child of the taxpayer or a descendant of such a child, or (B) a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative." Sec. 152(c)(2). For purposes of this section "child" means an individual who is "(i) a son, daughter, stepson, or stepdaughter of the taxpayer, or (ii) an eligible foster child of the taxpayer." Sec. 152(f)(1)(A). For purposes of section 152(f)(1)(A) "the term 'eligible foster child' means an individual who is placed with the taxpayer by an authorized placement agency or by judgment, decree, or other order of any court of competent jurisdiction." Sec. 152(f)(1)(C).

While the children satisfied the requirements of section 152(c)(1)(B) through (E) with respect to petitioner during 2009, they fail the relationship test of section 152(c)(1)(A) because they are children of petitioner's first cousin. In addition, the children were not eligible foster children of petitioner; rather, the children were were eligible foster children of Ms. Jones.[6] As a result, we find that the children

[6]Petitioner has not argued whether the fact that the children are considered Ms. Jones' children under sec. 152 causes the children to be considered his brothers/sisters under the same section. However, even if the children were

(continued...)

were not qualifying children of petitioner during 2009 for purposes of dependency exemption deductions, the child tax credit, and the earned income credit.

Petitioner has also argued that he should be entitled to dependency exemption deductions for the children because they are qualifying relatives of his under section 152(d).  See secs. 151(c), 152(a) (a taxpayer is entitled to dependency exemption deductions for qualifying relatives).  Section 152(d)(1) provides:

The term "qualifying relative" means, with respect to any taxpayer for any taxable year, an individual--

(A)  who bears a relationship to the taxpayer described in paragraph (2),

(B)  whose gross income for the calendar year in which such taxable year begins is less than the exemption amount (as defined in section 151(d)),

(C)  with respect to whom the taxpayer provides over one-half of the individual's support for the calendar year in which such taxable year begins, and

---

[6](...continued)
considered to be petitioner's brothers/sisters, we would still be forced to rule that the children were not qualifying children of petitioner.  As discussed further infra, the children were qualifying children of Ms. Jones during 2009.  Sec. 152(c)(4)(A) provides that if "an individual may be claimed as a qualifying child by 2 or more taxpayers for a taxable year * * * such individual shall be treated as the qualifying child of the taxpayer who is * * * a parent of the individual".  Petitioner has not argued or shown the exception to this rule stated in sec. 152(c)(4)(C) applies.  Because Ms. Jones was the parent of the children, the children would be treated as her qualifying children, not petitioner's.

- 8 -

(D) who is not a qualifying child of such taxpayer or of any other taxpayer for any taxable year beginning in the calendar year in which such taxable year begins.

An individual satisfies the relationship test of section 152(d)(1)(A) if he has the same principal place of abode as the taxpayer and is a member of the taxpayer's household during the taxable year. Sec. 152(d)(2)(H).

While the children satisfied the requirements of section 152(d)(1)(A) through (C) with respect to petitioner during 2009, they do not satisfy section 152(d)(1)(D) because the children were qualifying children of Ms. Jones during that year.[7] As a result, we find that the children were not qualifying relatives of petitioner during 2009 for purposes of dependency exemption deductions.

III. Accuracy-Related Penalty

Section 6662(a) imposes an accuracy-related penalty if any part of an underpayment of tax required to be shown on a return is due to, among other things, negligence or disregard of rules or regulations. Sec. 6662(b)(1). Respondent bears the burden of production on the applicability of the accuracy-related penalty in that he must come forward with sufficient evidence indicating that it is proper to

---

[7]The children satisfied the five requirements of sec. 151(c)(1) with respect to Ms. Jones during 2009. As previously mentioned, the children were eligible foster children of Ms. Jones.

impose the penalty.  See sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The facts lead us to conclude that respondent has met his burden of production with respect to the accuracy-related penalty.

Pursuant to section 6664(c)(1), the accuracy-related penalty under section 6662 does not apply to any portion of an underpayment for which a taxpayer establishes that he or she:  (1) had reasonable cause; and (2) acted in good faith. Dunlap v. Commissioner, T.C. Memo. 2012-126, slip op. at 69.  Given the facts, we find petitioner made a reasonable and good-faith attempt to comply with the technical elements of law regarding qualifying children and qualifying relatives. Petitioner sought assistance from Parker Financial Services with filing his 2009 tax return.  There was no indication that petitioner did not properly complete his tax return, including all relevant forms necessary to claim the deductions and credits which he claimed.  In addition, there was no evidence presented that any other taxpayer, including Ms. Jones, claimed the children as qualifying children or qualifying relatives for purposes of any deductions or tax credits.  As a result, we find that petitioner is not liable for the section 6662 accuracy-related penalty.

IV. <u>Conclusion</u>

The law does not always reward commendable acts such as petitioner's. We hold that petitioner is not entitled to dependency exemption deductions, the child tax credit, or the earned income credit for 2009 on the claimed basis that the children at issue were his qualifying children or qualifying relatives.[8] We further hold that petitioner is not liable for the section 6662 accuracy-related penalty.

To reflect the foregoing,

Decision will be entered

under <u>Rule 155</u>.

---

[8]As stated <u>supra</u> note 5, petitioner might have been eligible for a portion of the earned income credit on another basis.